**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT, ILLINOIS, EASTERN DIVISION**

JAN 27 2009
Jan 27 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

J. GUADALUPE GUZMAN, as Special Administrator of
the Estate of YOLANDA GUZMAN, deceased,

                    **Plaintiff,**

v.

VICTORIA M. ADELEYE, M.D., AUNT MARTHA'S
YOUTH SERVICE CENTER, INC., and THE UNITED
STATES OF AMERICA.

                    **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# 09CV0514

No.

**JUDGE PALLMEYER**
**JURY DEMANDED**

**MAGISTRATE JUDGE DENLOW**

## COMPLAINT

    NOW COMES the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the

Estate of **YOLANDA GUZMAN**, deceased, by and through his attorneys, the law office of

Kralovec, Jambois & Schwartz, and for his Complaint against **VICTORIA M. ADELEYE, M.D.**,

(hereinafter "**ADELEYE**"), **AUNT MARTHA'S YOUTH SERVICE CENTER, INC.**,

(hereinafter "**AUNT MARTHA'S**") and **THE UNITED STATES OF AMERICA** (hereinafter

"**USA**"), states as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff, **J. GUADALUPE GUZMAN**, files this action against the **USA** for the medical

negligence of its agents and/or employees at **AUNT MARTHA'S**, including but not limited to the

defendant, **ADELEYE**.

    2.    That this action originated in the Circuit Court of the Sixteenth Judicial Circuit, Kane

County, Illinois and was filed on December 1, 2005, within the applicable two year statute of

limitations.

3. That this action was removed to the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §2679 and 42 U.S.C. §233 (c) on February 27, 2006. See Attached Exhibit A, including Original Complaint and necessary affidavits.

4. That this action was dismissed without prejudice to Plaintiff's exhausting remedies pursuant to the Federal Tort Claims Act on April 5, 2006. See Attached Exhibit B.

5. That the United States Government rejected the Plaintiff's claim on April 18, 2007. See Attached Exhibit C.

6. That the United States Government rejected the Plaintiff's request for reconsideration on June 20, 2007. See Attached Exhibit D.

7. That the Plaintiff exhausted his administrative remedies under the Federal Tort Claims Act and had his complaint reinstated within six months of final claim denial on November 28, 2007. See Attached Exhibit E.

8. That the Plaintiff's cause of action was voluntarily dismissed without prejudice on January 28, 2008. See Attached Exhibit F.

## JURSIDICTION AND VENUE

9. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1346 and 2671, et seq.

10. Plaintiff is a resident of Kane County, Illinois and as such venue is proper under 28 U.S.C. § 1402(b).

## PARTIES

11. **J. GUADALUPE GUZMAN**, brings this action in his capacity as Special Administrator of the estate of **YOLANDA GUZMAN**, deceased.

12. **J. GUADALUPE GUZMAN**, at all relevant times, was a resident of the County of Kane, State of Illinois.

2

13.    **YOLANDA GUZMAN**, at all relevant times, was a resident of the County of Kane, State of Illinois.

14.    Defendant, **USA**, funds **AUNT MARTHA'S**, who at all times relevant had as its agent or employee, defendant **ADELEYE**.

## FACTUAL ALLEGATIONS

15.    That on and prior to December 11, 2003, and at all times relevant hereto, the Defendant, **ADELEYE**, was a licensed physician in the State of Illinois who practiced her profession at various healthcare facilities and institutions throughout the County of Kane.

16.    That on and prior to December 11, 2003, and at all times relevant hereto, the defendant, **ADELEYE**, was an agent and/or employee, whether actual or apparent, of **AUNT MARTHA'S**, and at all times relevant hereto acted within the scope of that agency and/or employment.

17.    That on and prior to December 11, 2003 and at all times relevant hereto, **AUNT MARTHA'S** was a federally funded medical facility, and therefore an agent of the **USA**.

18.    That on and prior to December 11, 2003 and at all times relevant to there existed a duty on the part of the defendants, **ADELEYE, AUNT MARTHA'S** and **USA** to possess and apply the skill and knowledge of a reasonably well-qualified health care staff, to provide and employ adequate medical care and treatment for its patients and to treat the decedent, **YOLANDA GUZMAN** in a manner which equaled or exceeded the applicable standard of care.

19.    That in disregarding their duties, the defendants, **ADELEYE, AUNT MARTHA'S** and **USA**, were then and there guilty of one or more of the following acts or omissions:

    a.    Failed to diagnose and treat pneumonia;

    b.    Failed to initially institute proper oral antibiotic therapy;

    c.    Failed to obtain a timely chest film;

3

d. Failed to admit the patient to the hospital; and

e. Failed to institute intravenous antibiotic therapy.

20. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the defendants, **ADELEYE, AUNT MARTHA'S** and **USA**, the Plaintiff's decedent, **YOLANDA GUZMAN**, sustained serious and permanent injuries which ultimately resulted in her premature death on December 21, 2003.

**WHEREFORE**, the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, prays for judgment against the Defendants **ADELEYE, AUNT MARTHA'S** and **USA** in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate him for the losses alleged above as damages, as well as attorney's fees, costs and interest and for whatever additional relief as this Court deems equitable and just.

Respectfully submitted,

s/Michael S.Shinsky
Michael S. Shinsky
ARDC#: 6275914
Attorney for Plaintiff
**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Telephone: (312) 782-2525
Fax: (312) 855-0068

I hereby certify that on January 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system

s/Michael S.Shinsky
Michael S. Shinsky
ARDC#: 6275914
Attorney for Plaintiff
**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Telephone: (312) 782-2525
Fax: (312) 855-0068

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT, ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| J. GUADALUPE GUZMAN, as Special Administrator of the Estate of YOLANDA GUZMAN, deceased, | ) ) ) ) |
| **Plaintiff,** | ) )    **No.** |
| v. | ) )    **JURY DEMANDED** |
| VICTORIA M. ADELEYE, M.D., AUNT MARTHA'S YOUTH SERVICE CENTER, INC., and THE UNITED STATES OF AMERICA. | ) ) ) ) |
| **Defendants.** | ) ) |

### AFFIDAVIT

I, Michael S. Shinsky, the affiant on oath, states:

The total of money damages sought in this matter does exceed $50,000.00

Respectfully submitted,

<u>s/Michael S.Shinsky</u>
Michael S. Shinsky
ARDC#: 6275914
Attorney for Plaintiff
**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph  Street, 4th Floor
Chicago, Illinois 60601
Telephone: (312) 782-2525
Fax: (312) 855-0068

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

FEB 2 7 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

J. GUZMAN, as Special Administrator of the )
Estate of Yolanda Guzman, deceased, )
)
               Plaintiff, )
)
               v. )
)
VICTORIA M. ADELEYE, M.D. and AUNT )
MARTHA'S YOUTH SERVICE CENTER, )
INC. )
)
               Defendants. )
)
)
)
)
)
)
)
)

No. **06C 1075**

**JUDGE PALLMEYER**

**MAGISTRATE JUDGE DENLOW**

Formerly case No. 05 LK 614,
Circuit Court of Kane County, Illinois

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:    Deborah Seyller, Clerk           David E. Scwhartz
        Clerk of the Court             Kralovec, Jambois & Schwartz
        Circuit Court of Kane County    60 W. Randolph, 4th Floor
        P.O. Box 112                   Chicago IL 60601
        Geneva, Illinois 60134         Counsel for Plaintiff

       The United States, by its attorney, Patrick J. Fitzgerald, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action from

the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of

Illinois, pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233(c), and in support thereof states the

following:



1.    This action was commenced in the Circuit Court of Kane County, Illinois, in December of 2005 to seek damages for the alleged medical negligence on the part of defendants resulting in the death of plaintiff's decedent on December 21, 2003, and injury to plaintiff. A copy of the state court complaint is attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

2.    This notice of removal is filed in accordance with 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) upon certification by the designee of the Attorney General of the United States that defendants Victoria M. Adeleye, M.D. and Aunt Martha's Youth Service Center, Inc. were acting within the scope of their employment as federal government employees at the time of the incidents out of which the claim arose. Exhibit B.

3.    A notice of removal may be filed without bond at any time before trial. 28 U.S.C. § 2679(d)(2). Trial has not yet been had in this action.

4.    Pursuant to the Certification by the Attorney General's designee and the filing of this notice of removal, this civil action shall be deemed an action against the United States under 28 U.S.C. § 2679, and the United States shall be substituted as the sole federal party defendant in place of Victoria M. Adeleye, M.D. and Aunt Martha's Youth Service Center, Inc.

WHEREFORE, this action now pending in the Circuit Court of Kane County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), and the Unites States is substituted as defendant in lieu of Victoria M. Adeleye, M.D. and Aunt Martha's Youth Service Center, Inc.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:
JACK DONATELLI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220

2

## CERTIFICATE OF SERVICE

JACK DONATELLI hereby certifies that on February 27, 2006, he caused a copy of:

**Notice of Removal of a Civil Action and Substitution of the United States as Defendant** to

be placed in a postage-paid envelope addressed to the following named individual(s) and

deposited in the United States mail in the United States Courthouse, Chicago, Illinois.


TO:    Deborah Seyller, Clerk
         Kane County Circuit Court
         P.O. Box 112
         Geneva IL 60134

David E. Scwhartz
Kralovec, Jambois & Schwartz
60 W. Randolph, 4th Floor
Chicago IL 60601
Counsel for Plaintiff

JACK DONATELLI
Assistant United States Attorney

**EXHIBIT A**

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

J. GUADALUPE GUZMAN, as Special )
Administrator of the Estate of **YOLANDA** )
**GUZMAN,** deceased, )
)
      Plaintiff, )
)     No.
    vs. )
)
**VICTORIA M. ADELEYE, M.D.,** and **AUNT** )
**MARTHA'S YOUTH SERVICE CENTER, INC.** )
)
      Defendants. )

## COMPLAINT-AT-LAW

JUDITH M. BRAWKA

### COUNT I - VICTORIA M. ADELEYE, M.D.

(Wrongful Death)

    **NOW COMES** the Plaintiff, **J. GUADALUPE GUZMAN,** as Special

Administrator of the Estate of **YOLANDA GUZMAN,** deceased, by and through his

attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ,** and complaining of the

Defendant, **VICTORIA M. ADELEYE, M.D.,** states as follows:

    1.    That on and prior to December 11, 2003, and at all times relevant hereto,

the Defendant, **VICTORIA M. ADELEYE, M.D.,** was a licensed physician in the State

of Illinois, who practiced her profession at various healthcare facilities and institutions

throughout the County of Kane.

    2.    That on and prior to December 11, 2003, and at all times relevant hereto,

the Defendant, **VICTORIA M. ADELEYE, M.D.,** offered physician services to the

public and to the decedent, **YOLANDA GUZMAN.**

3. That on and prior to December 11, 2003, and at all times relevant hereto, the Defendant, **VICTORIA M. ADELEYE, M.D.,** was an agent, servant and/or employee, whether actual or apparent, of **AUNT MARTHA'S YOUTH SERVICE CENTER, INC.** (hereinafter "AUNT MARTHA'S") and, at all times relevant hereto, acted within the scope of that agency and/or employment.

4. That on and prior to December 11, 2003, the Defendant, **VICTORIA M. ADELEYE, M.D.,** accepted the decedent, **YOLANDA GUZMAN,** as her patient and undertook to diagnose and treat the condition from which she suffered.

5. That at all times relevant hereto, there existed a duty on the part of the Defendant, **VICTORIA M. ADELEYE, M.D.,** to possess and apply the skill and knowledge of a reasonably well-qualified physician and to treat the decedent, **YOLANDA GUZMAN,** in a manner which equaled or exceeded the applicable standard of care.

6. That in disregarding her duty, the Defendant, **VICTORIA M. ADELEYE, M.D.,** was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

       a.     Failure to diagnose and treat pneumonia;

       b.     Failure to initially institute proper oral antibiotic therapy;

       c.     Failure to obtain a timely chest film;

       d.     Failure to admit the patient to the hospital; and

       e.     Failure to institute intravenous antibiotic therapy.

7. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **VICTORIA M. ADELEYE, M.D.,** the decedent, **YOLANDA GUZMAN,** sustained serious and

permanent injuries which ultimately resulted in her premature death on December 21, 2003.

8.      That the Circuit Court of Kane County, has entered an Order appointing **J. GUADALUPE GUZMAN** as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, evidencing his right and standing to sue.

9.      That the decedent, **YOLANDA GUZMAN**, has left surviving her next-of-kin, to wit, **J. GUADALUPE GUZMAN**, her husband, GUADALUPE GUZMAN, her daughter, SILVIA GUZMAN, her daughter, CLAUDIA GUZMAN DE LA TORRE, her daughter, JUAN M. GUZMAN, her son, and CARLOS GUZMAN, her son, whom have suffered severe and permanent damages and pecuniary injuries, including but not limited to, loss of service, companionship, and society as a result of the premature death of **YOLANDA GUZMAN**.

10.      That the Plaintiff brings his action in Count I under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

**WHEREFORE**, the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, prays for judgment against the Defendant, **VICTORIA M. ADELEYE, M.D.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses and damages as hereinabove alleged.

## COUNT II - VICTORIA M. ADELEYE, M.D.

### (Survival)

**NOW COMES** the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, by and through his

3

attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ,** and complaining of the Defendant, **VICTORIA M. ADELEYE, M.D.,** states as follows:

1-8. That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 8 of Count I as and for paragraphs 1 through 8 of this Count II as though fully set forth herein.

9. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **VICTORIA M. ADELEYE, M.D.,** the decedent, **YOLANDA GUZMAN,** was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to her death, damages for which had she survived she would have been entitled to maintain an action, and such an action has survived her and accrued to the benefit of her heirs at law, to wit, **J. GUADALUPE GUZMAN,** her husband.

10. That the Plaintiff brings his action in Count II under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

**WHEREFORE,** the Plaintiff, **J. GUADALUPE GUZMAN,** as Special Administrator of the Estate of **YOLANDA GUZMAN,** deceased, prays for judgment against the Defendant, **VICTORIA M. ADELEYE, M.D.,** in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses and damages as hereinabove alleged.

## COUNT III - VICTORIA M. ADELEYE, M.D.

(Funeral, Burial and Medical Expenses)

**NOW COMES** the Plaintiff, **J. GUADALUPE GUZMAN,** as Special Administrator of the Estate of **YOLANDA GUZMAN,** deceased, by and through his

attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **VICTORIA M. ADELEYE, M.D.**, states as follows:

1-8.    That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 8 of Count I as and for paragraphs 1 through 8 of this Count III as though fully set forth herein.

9.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **VICTORIA M. ADELEYE, M.D.**, the Plaintiff, **J. GUADALUPE GUZMAN**, became liable for the funeral, burial and medical expenses of the decedent, **YOLANDA GUZMAN**, which were incurred by the estate of **YOLANDA GUZMAN**.

**WHEREFORE**, the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, prays for judgment against the Defendant, **VICTORIA M. ADELEYE, M.D.**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses and damages as hereinabove alleged.

## COUNT IV - AUNT MARTHA'S

### (Wrongful Death)

**NOW COMES** the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, by and through his attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **AUNT MARTHA'S**, states as follows:

1.    That on and prior to December 11, 2003, and at all times relevant hereto, the Defendant, **AUNT MARTHA'S**, by and through its agents, servants and/or employees, whether actual or apparent, was a healthcare facility located in the County of Kane and State of Illinois, offering general medical services to the public and to the decedent, **YOLANDA GUZMAN**, and provided medical, consulting, laboratory, technical, nursing and other health related services.

2.    That on and prior to December 11, 2003, and at all times relevant hereto, the Defendant, **AUNT MARTHA'S**, by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to the Defendant, **VICTORIA M. ADELEYE, M.D.**, undertook to provide medical care and treatment to the decedent, **YOLANDA GUZMAN**.

3.    That on and prior to December 11, 2003, and at all times relevant hereto, there existed a duty on the part of the Defendant, **AUNT MARTHA'S**, by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to the Defendant, **VICTORIA M. ADELEYE, M.D.**, to possess and apply the skill and knowledge of a reasonably well-qualified health care staff, to provide and employ adequate medical care and treatment for its patients and to treat the decedent, **YOLANDA GUZMAN**, in a manner which equaled or exceeded the applicable standard of care.

4.    That in disregarding its duty, the Defendant, **AUNT MARTHA'S**, by and through its agents, servants, and/or employees, whether actual or apparent, including but not limited to the Defendant, **VICTORIA M. ADELEYE, M.D.**, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

6

a. Failure to diagnose and treat pneumonia;

b. Failure to initially institute proper oral antibiotic therapy;

c. Failure to obtain a timely chest film;

d. Failure to admit the patient to the hospital; and

e. Failure to institute intravenous antibiotic therapy.

5. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **AUNT MARTHA'S**, by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to the Defendant, **VICTORIA M. ADELEYE, M.D.**, the Plaintiff's decedent, **YOLANDA GUZMAN**, sustained serious and permanent injuries which ultimately resulted in her premature death on December 21, 2003.

6. That the Circuit Court of Kane County, has entered an Order appointing **J. GUADALUPE GUZMAN** as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, evidencing his right and standing to sue.

7. That the decedent, **YOLANDA GUZMAN**, has left surviving her next-of-kin, to wit, **J. GUADALUPE GUZMAN**, her husband, GUADALUPE GUZMAN, her daughter, SILVIA GUZMAN, her daughter, CLAUDIA GUZMAN DE LA TORRE, her daughter, JUAN M. GUZMAN, her son, and CARLOS GUZMAN, her son, whom have suffered severe and permanent damages and pecuniary injuries, including but not limited to, loss of service, companionship, and society as a result of the premature death of **YOLANDA GUZMAN.**

8. That the Plaintiff brings his action in Count XIII under 740 ILCS 180/01 *et. seq.* commonly known as the Wrongful Death Act of Illinois.

7

WHEREFORE, the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, prays for judgment against the Defendant, **AUNT MARTHA'S**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses and damages as hereinabove alleged.

## COUNT V - AUNT MARTHA'S

### (Survival)

NOW COMES the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, by and through his attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **AUNT MARTHA'S**, states as follows:

1-6. That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 6 of Count IV as and for paragraphs 1 through 6 of this Count V as though fully set forth herein.

7. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **AUNT MARTHA'S**, by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to the Defendant, **VICTORIA M. ADELEYE, M.D.**, the decedent, **YOLANDA GUZMAN**, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to her death, damages for which had he survived he would have been entitled to maintain an action; and such an action has survived him and accrued to the benefit of his heirs at law, to wit, **J. GUADALUPE GUZMAN**, her husband.

8

8.     That the Plaintiff brings his action in Count XIV under 755 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

**WHEREFORE**, the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, prays for judgment against the Defendant, **AUNT MARTHA'S**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses and damages as hereinabove alleged.

## COUNT VI - AUNT MARTHA'S

### (Funeral, Burial and Medical Expenses)

**NOW COMES** the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, by and through his attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **AUNT MARTHA'S**, states as follows:

1-6.     That the Plaintiff hereby re-alleges and incorporates paragraphs 1 through 6 of Count IV as and for paragraphs 1 through 6 of this Count VI as though fully set forth herein.

7.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, **AUNT MARTHA'S**, by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to the Defendant, **VICTORIA M. ADELEYE, M.D.**, the Plaintiff, **J. GUADALUPE GUZMAN**, became liable for the funeral, burial and medical expenses of the decedent, **YOLANDA GUZMAN**, which were incurred by the estate of **YOLANDA GUZMAN**.

9

**WHEREFORE**, the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, prays for judgment against the Defendant, **AUNT MARTHA'S**, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses and damages as hereinabove alleged.

Respectfully submitted,

David E. Schwartz
*Attorney for the Plaintiff*

**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph Street, 4th Floor
Chicago, Illinois, 60601
Ph: 312.782.2525
Firm ID: 24797

10

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

| | |
|---|---|
| J. GUADALUPE GUZMAN, as Special Administrator of the Estate of YOLANDA GUZMAN, deceased,<br><br>       Plaintiff,<br><br>vs.<br><br>VICTORIA M. ADELEYE, M.D., and AUNT MARTHA'S YOUTH SERVICE CENTER, INC.<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF DAMAGES
### SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney representing the Plaintiff in the above entitled cause of action seeking money damages or collection of taxes and states that this cause of action does exceed $50,000.00.

                        David E. Schwartz
                        *Attorney for the Plaintiff*

SUBSCRIBED AND SWORN to before me on this _____ day of _____ 2005.

_____
NOTARY PUBLIC

KRALOVEC, JAMBOIS & SCHWARTZ
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Ph: 312.782.2525
Firm ID: 24797

OFFICIAL SEAL
SYLVIA E VALENZUELA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/27/08

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| J. GUADALUPE GUZMAN, as Special Administrator of the Estate of **YOLANDA GUZMAN**, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. |
| vs. | ) ) | |
| VICTORIA M. ADELEYE, M.D., and AUNT MARTHA'S YOUTH SERVICE CENTER, INC. | ) ) ) | |
| Defendants. | ) | |

### ATTORNEY AFFIDAVIT

I, David E. Schwartz, an attorney licensed to practice law by the State of Illinois, under the penalty of perjury hereby state:

1.     That I have reviewed the medical records of **YOLANDA GUZMAN'S** treatment by **VICTORIA M. ADELEYE, M.D., and AUNT MARTHA'S YOUTH SERVICE CENTER, INC.**, and investigated the attendant facts of this treatment.

2.     That I shared the medical records of **YOLANDA GUZMAN** from **VICTORIA M. ADELEYE, M.D., and AUNT MARTHA'S YOUTH SERVICE CENTER, INC.** with a licensed physician and sought the consultation of the physician.

3.     That the consulting physician has reviewed these medical records and has drawn therefrom the conclusion that **VICTORIA M. ADELEYE, M.D.** rendered negligent medical treatment to **YOLANDA GUZMAN**.

4.     That the consulting physician has reviewed these medical records and has drawn therefrom the conclusion that **AUNT MARTHA'S YOUTH SERVICE CENTER, INC.**, by and through its agents, servants and/or employees, whether actual

or apparent, including but not limited to the Defendants, **VICTORIA M. ADELEYE, M.D.**, rendered negligent medical treatment to **YOLANDA GUZMAN**.

5.     That the consulting physician has advised me that there is a reasonable and meritorious cause for filing a claim for medical malpractice against **VICTORIA M. ADELEYE, M.D., and AUNT MARTHA'S YOUTH SERVICE CENTER, INC.**

6.     That on the basis of the written report of the above-referenced physician attached hereto, the discussions between myself and the physician and my professional legal opinion, I conclude that there is a reasonable and meritorious cause for filing the Complaint at Law of **YOLANDA GUZMAN**.

**FURTHER AFFIANT SAYETH NOT.**

David E. Schwartz
*Attorney for the Plaintiff*

SUBSCRIBED AND SWORN to before
me on this 30th day of Nov., 2005,

NOTARY PUBLIC

**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Ph: 312.782.2525
Firm ID: 24797

OFFICIAL SEAL
SYLVIA E VALENZUELA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/27/08

2

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

J. GUADALUPE GUZMAN, as Special )
Administrator of the Estate of YOLANDA )
GUZMAN, deceased, )
                                   )
       Plaintiff, )
                                     )     No.
vs. )
                                     )
VICTORIA M. ADELEYE, M.D., and AUNT )
MARTHA'S YOUTH SERVICE CENTER, INC. )
                                     )
       Defendants. )

## REPORT OF REVIEWING HEALTHCARE PROFESSIONAL PURSUANT TO ILCS SECTION 2-622

1.     The undersigned is licensed to practice medicine in all of its branches and has practiced medicine within the last six (6) years in the same area of medicine at issue in this case.

2.     The undersigned has reviewed the records from **VICTORIA M. ADELEYE, M.D., and AUNT MARTHA'S YOUTH SERVICE CENTER, INC.,** relative to **YOLANDA GUZMAN'S** care and treatment.

3.     The undersigned is knowledgeable and experienced in the issues of this case.

4. ·    The undersigned is of the opinion that **VICTORIA M. ADELEYE, M.D.** breached the standard of care for similarly situated healthcare providers by improperly treating **YOLANDA GUZMAN** by failing to diagnose and treat pneumonia; failing to

initially institute proper oral antibiotic therapy; failure to obtain a timely chest film; failing to admit the patient to the hospital; and failing to institute intravenous antibiotic therapy.

5.    The undersigned is of the opinion that **AUNT MARTHA'S YOUTH SERVICE CENTER, INC.,** by and through its agents, servants and/or employees, whether actual or apparent, including but not limited to the Defendants, **VICTORIA M. ADELEYE, M.D.,** breached the standard of care for similarly situated healthcare providers by improperly treating **YOLANDA GUZMAN** by failing to diagnose and treat pneumonia; failing to initially institute proper oral antibiotic therapy; failure to obtain a timely chest film; failing to admit the patient to the hospital; and failing to institute intravenous antibiotic therapy.

8.    The undersigned is of the opinion that the above-referenced deviations, alone and in concert, were a proximate cause of **YOLANDA GUZMAN'S** death.

9.    Accordingly, the undersigned is of the opinion that there is a reasonable and meritorious cause for filing the above-captioned lawsuit against **VICTORIA M. ADELEYE, M.D., and AUNT MARTHA'S YOUTH SERVICE CENTER, INC.**

_____

**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Ph: 312.782.2525
Firm ID: 24797

**EXHIBIT B**

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *J Guadalupe Guzman, as Special Administrator of the Estate of Yolanda Guzman, deceased, v. Victoria M. Adeleye, M.D., and Aunt Martha's Youth Service Center, Inc.*, No. 05 LK 614 (Circuit Court of Kane County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Aunt Martha's Youth Service Center, Inc., was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Victoria M. Adeleye, M.D. was acting within the scope of her employment at Aunt Martha's Youth Service Center, Inc., with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Aunt Martha's Youth Service Center, Inc., along with Victoria M. Adeleye, M.D. are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

Thomas Walsh

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: February 12, 2006

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 1075 | **DATE** | 4/5/2006 |
| **CASE TITLE** | J. Guzman vs. Victoria M. Adeleye, et al | | |

**DOCKET ENTRY TEXT**

Status hearing set for 4/6/06 stricken. The above cause is dismissed without prejudice to Plaintiff's exhausting remedies pursuant to FTCA.

Docketing to mail notices.

00:01

| | Courtroom Deputy Initials. | ETV |
|---|---|---|

06C1075 J. Guzman vs. Victoria M. Adeleye, et al

Page 1 of 1



PLAINTIFF'S EXHIBIT B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 Independence Avenue, S.W.
Rm. 4760 Wilbur J. Cohen Federal Building
Washington, DC 20201

APR 18 2007

**CERTIFIED MAIL-RETURN
RECEIPT REQUESTED**

David E. Schwartz, Esquire
Kralovec, Jambois & Schwartz
60 W. Randolph Street
Chicago, IL 60601

     Re:    <u>Administrative Tort Claim of J. Guadalupe Guzman, Administrator of the Estate
          of Yolanda L. Guzman</u>; HHS Claim No. 07-0057

Dear Mr. Schwartz:

On December 1, 2005, your client filed suit in the Circuit Court of the Sixteenth Judicial Circuit,
Kane County, Illinois, against Aunt Martha's Youth Service Center and one of its doctors for
medical malpractice in the death of Yolanda L. Guzman. The suit was removed to the U.S.
District Court for the Northern District of Illinois (Civil Action No. 1:06-CV-01075) and a
motion was filed to substitute the United States as Defendant and dismiss the suit under
28 U.S.C. § 2675(a) for failure to exhaust administrative remedies. Pursuant to this motion, the
action was dismissed without prejudice on April 5, 2006. On November 16, 2006, you presented
an administrative claim to the Department under the Federal Tort Claims Act, 28 U.S.C.
§§ 1346(b), 2401(b), 2671-80, on behalf of your client in the amount of $2 million.

The Federal Tort Claims Act authorizes the settlement of any claim of money damages against
the United States for, *inter alia*, death or injury caused by the negligent or wrongful act or
omission of any employee of the federal government while acting within the scope of
employment under circumstances where the United States, if a private person, would be liable to
the claimant in accordance with the law of the place where the act or omission occurred.

This letter constitutes the notice of final determination on this claim, in accordance with
28 U.S.C. § 2401(b). The claim is denied. The claim was filed more than two years after accrual
of the cause of action and more than 60 days after dismissal of Civil Action No. 1:06-CV-01075.
Accordingly, the claim is untimely.

If your client is dissatisfied with this determination, he is entitled to:

     1. file a written request with the agency for reconsideration of the final determination
denying the claim within six (6) months from the date of mailing of this determination
(28 C.F.R. § 14.9); or

PLAINTIFF'S
EXHIBIT
C

Page 2 - David E. Schwartz, Esquire

    2.  file suit against the United States in an appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event that your client requests reconsideration, the agency will review the claim within six (6) months from the date the request is received. If the reconsidered claim is denied, suit may be filed within six (6) months from the date of mailing of that final determination.

               Very truly yours,

               Lisa Barsoomian (by RB)

               Lisa Barsoomian
               Deputy Associate General Counsel
               Claims and Employment Law Branch



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 Independence Avenue, S.W.
Rm. 4760 Wilbur J. Cohen Federal Building
Washington, DC 20201

JUN 20 2007

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

David E. Schwartz, Esquire
Kralovec, Jambois & Schwartz
60 W. Randolph Street
Chicago, IL 60601

Re:   <u>Administrative Tort Claim of J. Guadalupe Guzman, Administrator of the Estate
of Yolanda L. Guzman</u>; HHS Claim No. 07-0057

Dear Mr. Schwartz:

I refer to your letter of June 4, 2007, requesting reconsideration of the denial of your client's
claim for alleged medical malpractice by providers of Aunt Martha's Youth Service Center in the
death of Yolanda L. Guzman. Upon reviewing your request for reconsideration, the Department
has determined that the decision to deny the claim under the Federal Tort Claims Act (FTCA)
was correct. By letter of April 18, 2007, your client's claim was denied as untimely on the basis
that the claim was filed more than two years after accrual of the cause of action and more than 60
days after dismissal of Civil Action No. 1:06-CV-01075. In the request for reconsideration, you
concede that the claim was not filed within two years of Yolanda Guzman's death, but assert that
the suit filed in state court within two years of her death had the effect of tolling the two-year
statute of limitations.

Please be advised that under the FTCA, where suit has been filed in state court within two years
of the accrual of a cause of action, removed to U.S. District Court and dismissed for failure to
first present a claim under 28 U.S.C. § 2675(a), that the claim must be presented to the
appropriate agency within 60 days after dismissal of the civil action. 28 U.S.C. § 2679(d)(5)(B).
Civil Action No. 1:06-CV-01075 was dismissed on April 5, 2006, but the claim was not
presented until it was received by the Department on November 16, 2006, more than seven
months after dismissal of the suit. Consequently, the claim was untimely and the request for
reconsideration is hereby denied.

If your client is dissatisfied with this determination, he is entitled to file suit against the United
States in an appropriate federal district court within six (6) months from the date of mailing of
this letter (28 U.S.C. § 2401(b)).

Very truly yours,

Lisa Barsoomian (by RB)

Lisa Barsoomian
Deputy Associate General Counsel
Claims and Employment Law Branch



PLAINTIFF'S
EXHIBIT
D

ENTERED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RECEIVED

NOV 2 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

J. GUADALUPE GUZMAN, as Special )
Administrator of the Estate of YOLANDA )
GUZMAN, deceased, )
)
      Plaintiff, )
)
    vs. )
)
VICTORIA M. ADELEYE, M.D., and AUNT )
MARTHA'S YOUTH SERVICE CENTER, INC.)
)
      Defendants. )

No.   06 C 1075

Judge Pallmeyer

## NOTICE OF MOTION

To:   Jack Donatelli
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, IL 60604

Take notice that I will appear before Judge Pallmeyer on Monday, December 3,

2007 at 8:45 a.m. in courtroom 2412 in the Dirksen Building, 219 South Dearborn

Street, Chicago, Illinois and present the enclosed Plaintiff's Motion to Reinstate.



Respectfully submitted,

David E. Schwartz
*Attorney for the Plaintiff*

KRALOVEC, JAMBOIS & SCHWARTZ
60 W. Randolph Street, 4th Floor
Chicago, IL 60601
(312) 782-2525



PLAINTIFF'S EXHIBIT E

## **CERTIFICATE OF SERVICE**

DAVID E. SCHWARTZ hereby certifies that, in accordance with the Federal

Rules of Civil Procedure, the Plaintiff's Notice of Motion was served via facsimile and

sent by mail on November 28, 2007 to the following:

> Jack Donatelli
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, IL 60604

DAVID E. SCHWARTZ

RECEIVED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NOV 28 200?

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **J. GUADALUPE GUZMAN**, as Special<br>Administrator of the Estate of **YOLANDA**<br>**GUZMAN**, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No.    06 C 1075 |
| vs. | ) ) | Judge Pallmeyer |
| **VICTORIA M. ADELEYE, M.D.**, and **AUNT**<br>**MARTHA'S YOUTH SERVICE CENTER, INC.**) | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO REINSTATE

**NOW COMES** the Plaintiff, **J. GUADALUPE GUZMAN**, as Special Administrator of the Estate of **YOLANDA GUZMAN**, by and through his attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and for his **MOTION TO REINSTATE**, states as follows:

1.    That this case was dismissed on April 5, 2006 without prejudice so the Plaintiff could pursue remedies through the FTCA (*See Exhibit "A"*);

2.    That the Plaintiff has pursued all applicable claims;

3.    That those claims were subsequently denied; and

4.    That the Plaintiff's only remaining recourse is to pursue his case in federal court.

WHEREFORE, the plaintiff respectfully request that his Cause of Action against the Defendants be reinstated and that the matter be set for Case Management.

Respectfully submitted,

**DAVID E. SCHWARTZ**

**KRALOVEC, JAMBOIS & SCHWARTZ**
60 W. Randolph Street. 4th Floor
Chicago, Illinois 60601
(312) 782-2525
Attorney No.: 50831

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 1075 | **DATE** | 1/28/2008 |
| **CASE TITLE** | J. Guadalupe Guzman vs. Victoria M. Adeleye, M.D., et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to nonsuit granted. The above cause is dismissed voluntarily, without prejudice and without costs. Status hearing set for 2/6/2008 is stricken. Civil case terminated.

Docketing to mail notices.

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

PLAINTIFF'S EXHIBIT
F