# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| J. GUADALUPE GUZMAN, as Special Administrator of the Estate of YOLANDA GUZMAN, deceased,<br><br>    Plaintiff,<br>  v.<br><br>VICTORIA M. ADELEYE, M.D., AUNT MARTHA'S YOUTH SERVICE CENTER, and THE UNITED STATES OF AMERICA,<br><br>    Defendants. | No. 09 C 514<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Plaintiff J. Guadalupe Guzman, the administrator for the estate of Yolanda Guzman, asserts an action under the Federal Tort Claims Act ("FTCA") against the United States and its agents, Aunt Martha's Youth Service Center, Inc., ("Aunt Martha's") and Dr. Victoria Adeleye M.D.[1] Plaintiff alleges that Defendants' negligence and failure to diagnose and treat Yolanda Guzman for pneumonia in December 2003 resulted in Yolanda's death. The government moves to dismiss the action because, it contends, Plaintiff has failed to exhaust administrative remedies and the claims are time-barred. For the reasons explained below, Defendants' motion to dismiss is granted.

## BACKGROUND

Because this case comes before the court on a Rule 12 motion to dismiss, the court accepts the complaint's well-pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). The court recounts the facts, paying particular attention to the procedural history of this case, as they appear in the complaint and its attachments.

In December 2003, Adeleye was employed as a physician at Aunt Martha's, a federally

---

[1] Though the court refers to *Defendants* using the plural form, the United States is the only potentially answerable party for any alleged injury under the FTCA. 28 U.S.C. § 2679.

funded medical facility. (Compl. ¶ 16-17.) The complaint alleges that Adeleye failed to admit and treat Yolanda Guzman for pneumonia on December 11, 2003, resulting in Yolanda's death ten days later. (Compl. at ¶ 19-20.) Plaintiff filed suit against Adeleye and Aunt Martha's in the Circuit Court of Kane County, Illinois on December 1, 2005. The United States, which funds Aunt Martha's and employed Adeleye, substituted for those Defendants and removed the case to federal court in February 2006. (*Id.* at ¶ 1; Notice of Removal, Ex. A. to Compl.) The government certifies that both Adeleye and Aunt Martha's are agents of the United States for the purposes of Plaintiff's claim under the FTCA. (Certification, Ex. B. to Compl.)[2]

On April 5, 2006, this court dismissed the case without prejudice because Plaintiff had failed to exhaust available administrative remedies prior to filing suit in state court, as required by the FTCA. (Order, Ex. B. to Compl.) Approximately seven months later, on November 16, 2006, Plaintiff presented its administrative claim in writing to the Department of Health and Human Services ("the Department"). (Administrative Claim Letter, Ex. C to Compl.) The Department denied Plaintiff's administrative claim in its decision letter dated April 18, 2007. (*Id.*) The decision letter indicated that Plaintiff had failed to comply with the FTCA's statutory deadlines and advised that Plaintiff was entitled to seek review of that decision either by way of a request for agency reconsideration or by commencing suit in federal district court. (*Id.*) Plaintiff filed a request for agency reconsideration, which the Department denied by letter dated June 20, 2007. (Reconsideration Letter, Ex. D to Compl.)[3]

---

[2] As a federally-funded facility and its employee, Aunt Martha's and Adeleye are covered by the Federally Supported Health Centers Assistance Act (FSHCAA), which protects employees of the Public Health Service from being subject to suit while performing medical functions by requiring that any such actions be brought against the United States. *See* 42 U.S.C § 233.

[3] This second denial letter again indicated that Plaintiff was "entitled" to challenge the Department's decision in federal district court. Without making the argument explicitly, Plaintiff appears to suggest in its brief that the court should regard the present action as timely because
(continued...)

2

Plaintiff reinstated his lawsuit in this court on December 3, 2007, but moved shortly thereafter for voluntary dismissal of his claims. (Motion, Ex. E to Compl.; Order, Ex. F to Compl.) The court granted Plaintiff's motion to voluntarily dismiss without prejudice on January 28, 2008. (Order, Ex. F to Compl.) On January 27, 2009, Plaintiff re-filed his lawsuit based on the same allegations. The government now asks the court to dismiss the case on the ground that Plaintiff has failed to timely pursue and exhaust administrative remedies.

## DISCUSSION

**I.   The Federal Tort Claims Act**

The Federal Tort Claims Act is a limited waiver of the sovereign immunity of the United States that imposes liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Warrum v. United States*, 427 F.3d 1048, 1049-50 (7th Cir. 2005.) As a condition of this limited waiver, the FTCA imposes its own procedural rules upon would-be plaintiffs, including a requirement that potential plaintiffs exhaust federal administrative remedies before filing a lawsuit. *Warrum*, 427 F.3d at 1050. Specifically, the Act mandates that no tort action may be brought against the United States unless the claimant has first presented his claim to the appropriate federal agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

---

[3](...continued)
Plaintiff relied on the Department's expression of Plaintiff's right to sue. Of course, the letter does not indicate that Plaintiff is entitled to *prevail* in an action in federal court. Moreover, any reliance by Plaintiff on these letters as authorizing this lawsuit would be unreasonable, given that the letters clearly state that Plaintiff had failed to act within the FTCA's limitation period governing administrative exhaustion.

28 U.S.C. § 2675(a). A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years of the claim's accrual or unless action is begun within six months after the date of mailing of a final denial of a claim by the agency to which it was presented. 28 U.S.C. § 2401(b).

The Westfall Act, which amended the FTCA in 1988, incorporated a savings clause into the exhaustion requirement's time limitation. The savings clause acts to protect plaintiffs who miss the two-year deadline because they mistakenly file otherwise-timely claims in an incorrect forum (i.e. by bringing a civil action in state court before presenting an administrative claim to a federal agency). 28 U.S.C. § 2679(d)(5); *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3rd Cir. 2009). In such circumstances, a plaintiff's claim is deemed timely if she properly presents her administrative claim before the appropriate federal agency within 60 days after the dismissal of her initial civil action, so long as the civil action was itself commenced within two years of the accrual of the claim. 28 U.S.C. § 2679(d)(5).

The purpose of these deadlines, and the administrative exhaustion requirement generally, is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Adams v. United States*, 615 F.2d 284, 288 (5th Cir. 1980)(quoting S. REP. NO. 1327, 89th Cong., 2d Sess. 6). The court addresses the motion to dismiss with the language and purposes of the FTCA in mind.

**II.     Lack of Administrative Exhaustion**

Plaintiff did not present his tort claim to the appropriate federal agency within two years of the claim's accrual. Plaintiff acknowledges that he first formally presented his claims to the Department of Heath and Human Services by letter in November 2006, almost three years after the claim arose. This delay, by itself, would not have been fatal to Plaintiff's claim, however, because Plaintiff filed his initial action in state court before the expiration of the two-year statutory period.

4

The 60-day grace period established by the Westfall Act's savings clause is intended to assist people in Plaintiff's position who have mistakenly filed their actions in state court. Plaintiff here had an additional 60 days following the dismissal of his original civil case in which to timely seek administrative review of his claim. But Plaintiff failed to meet this deadline: This court dismissed Plaintiff's case on April 5, 2006, starting the 60-day clock running. The deadline came and went without action in June 2006. Plaintiff thus failed to take advantage of the savings clause and did not re-file within the statutory period despite ample opportunity to do so. Then, after the Department of Health and Human Services ultimately denied Plaintiff's administrative claim by letter dated April 18, 2007, Plaintiff again failed to pursue his claims in federal court within six months. By the explicit terms of the FTCA, Plaintiff has failed to meet every relevant deadline for administrative exhaustion and his claim "shall be forever barred."

Plaintiff attempts to avoid this harsh consequence by advancing the circular argument that the very act of commencing suit in state court fulfilled Plaintiff's administrative claim obligations under the FTCA. Plaintiff asserts that Aunt Martha's is, in fact, a corporation "primarily acting as an instrumentality of the United States," and thus falls within the FTCA's definition of a federal agency.[4] The filing of the state court complaint against Aunt Martha's, Plaintiff argues, therefore constituted a written notification to a federal agency that gave the United States constructive notice of Plaintiff's FTCA claim.[5] As the court understands Plaintiff's argument, Plaintiff contends that the

---

[4] In the FTCA, the term *federal agency* "includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. § 2671.

[5] In order to present an administrative claim, a written notice (typically a Standard Form 95) must give "sufficient notice to enable the agency to investigate the claim." *Palay*, 349 F.3d at 426. Plaintiff insists that its state-court complaint contained all of the information necessary to provide such notice. Plaintiff acknowledges, however, that its complaint did not state claimed damages with any specificity. The rendering of sufficient notice under the FTCA generally requires that a plaintiff indicate a "sum certain," or claim for money damages. *Kanar v. United States*, 118
(continued...)

initiation of a lawsuit by itself can fulfill the FTCA's exhaustion requirement. This cannot be correct.

Putting aside the implausibility of the implication that every healthcare center that receives federal funds may be considered a "federal agency," Plaintiff's reasoning fails on its own terms. Plaintiff's argument would undermine the entire purpose of the exhaustion requirement. The FTCA states that "*an action shall not be instituted* upon a claim against the United States [or its employees] . . . unless the claimant *shall have first presented* the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a)(emphasis added.) Applying this "unambiguous" language in *McNeil v. United States*, the Supreme Court held that exhaustion of administrative remedies is a prerequisite under the FTCA to any "invocation of the judicial process." 508 U.S. 106, 111-13 (1993). Since administrative exhaustion must come "first," the initiation of a judicial proceeding cannot simultaneously serve to present an administrative claim, as required by the FTCA. *Id*; *see also Wadhwa v. Nicholson*, No. 09-3555, 2010 WL 528418, *2 (3rd Cir. Feb. 16, 2010)(plaintiff who initiated a civil action in an effort to toll the two-year statutory period "violated the strict requirement that administrative exhaustion must be complete *before*" bringing a lawsuit.) For this reason, a plaintiff cannot satisfy the administrative exhaustion requirement merely by filing his action in state court. *See, e.g., Wilson v. Big Sandy Healthcare, Inc.,* 553 F.Supp.2d 825, 837 (E.D. Ky. 2008) *aff'd* 576 F.3d 329 (6th Cir. 2009); *Coffman v. United States*, 270 Fed.Appx. 744, 746 (10th Cir. 2008); *Lewis v. Kuchinic*, No. 07 C 2457, 2007 WL 2994060, *3 (N.D. Ill. Oct. 10, 2007)

If the FTCA's administrative exhaustion requirement is to mean anything, exhaustion must precede the filing of a lawsuit. Otherwise the exhaustion requirement would fail to advance its purposes of easing court congestion, avoiding unnecessary litigation, and expediting the resolution of federal tort claims. Plaintiff's strained interpretation would permit any potential plaintiff to bypass

---

[5](...continued)
F.3d 527, 529 (7th Cir. 1997). The sum certain need not be precise, but it should provide some "minimal notice" to the agency of the value of the claim. *Ward v. United States*, 1 Fed. Appx. 511, 514 (7th Cir. 2001).

administrative review simply by suing the relevant U.S. agent or agency in state court.[6]  Plaintiff's reading would also render the 60-day savings clause of the Westfall Act entirely superfluous, as any state court claimant would be considered to have already provided adequate written notice of its administrative claim by simply filing its lawsuit.  No further presentation of administrative claims would be required.  Canons of construction and sheer common sense obligate the court to reject such an illogical reading of the FTCA.  *See Commodity Trend Service, Inc. v. Commodity Futures*, 233 F.3d 981, 989 (7th Cir. 2000)("[A]ll words in a statute should, if possible, be given effect.")

Despite having had a substantial interval in which to exhaust his administrative remedies, Plaintiff has failed to do so in a timely manner.  His window of opportunity under the FTCA has now closed, and his failure mandates the dismissal of his claim.  *McNeil*, 508 U.S. at 113.

## **CONCLUSION**

Defendants' motion to dismiss [9] is granted.  The case is dismissed with prejudice.

ENTER:

Dated:  March 16, 2010

_____
REBECCA R. PALLMEYER
United States District Judge

---

[6]  Plaintiff does not suggest that his constructive notice argument would be inapplicable to actions brought in federal court, thereby making the filing of a lawsuit in any forum the equivalent of making an administrative claim.  Any such interpretation would swallow the exhaustion requirement.